Haynes, J.
The petition in this case is presented to reverse the judgment of the Court of Common Pleas in a case of replevin. The facts are, there was a corporation existing in the state of Pennsylvania known as The High Explosive Company, engaged in the business of shooting oil wells, and also owning certain material, shooting outfits and equipment.
This company carried on business in Pennsylvania, Ohio and Indiana. On a certain day they became insolvent, and *103 took steps in the state of Pennsylvania to make a conveyance to one William Johnson of all their property in Ohio and Indiana. Johnson took possession of the property in Ohio, and thereupon certain creditors of the concern having obtained a judgment against it, caused a levy to be made by William B. Bryant, as sheriff, upon the property in question in the hands of Johnson as the property of the corporation.
That afterwards the property was replevined from the sheriff. A trial was had,and judgment rendered in favor of •Johnson.
The question submitted to ns on this state of facts is, inasmuch as the corporation was insolvent, and known to be such, whether trustees of the corporation had any authority whatever to transfer this property to Johnson in payment upon a precedent debt,assuming, as it is claimed, that under the decision in Rouse, trustee, v. Merchants’ National Bank, the transfer was void, and that the property belonged to the corporation, notwithstanding the alleged transfer to •Johnson.
The corporation is a Pennsylvania corporation; transfer was made in Pennsylvania, and while the law of Pennsylvania is not shown us, it is assumed that the law of Pennsylvania is the same as the law . of Ohio, and the law of Ohio would govern as to the transfer of the property lying in the ¡state of Ohio.
Now, the case of Rouse, trustee, v. Merchants’ National Hank is too lengthy to be read here, but the syllabus, which is found in the 46th Ohio State Reports at page 493, reads as follows: — “A corporation for profit, organized under the laws of this state, after it has become insolvent and ceased to prosecute the objects for which it was created, cannot, •by giving some of its creditors mortgages on the corporate property to secure antecedent debts without other consideration, create valid preferences in their behalf over other *104 creditors, or over a general assignment thereafter made for the benefit of creditors.”
The court in a very lengthy and learned opinion established by authority and by principle the fact that the trustees of a corporation created for profit hold the property in trust, and that they hold it in trust for the creditors, and especially when the corporation becomes insolvent do they hold it in trust for the creditors, and they cannot without fault undertake to prefer one creditor over another; because holding it for all the creditors, they hold it upon the principle of equity which requires that it shall be sold and the proceeds applied for the equal benefit of all the creditors.
Now, assuming that to be the law, and the position occupied by these trustees, it follows that the preference to Johnson would be invalid. The contention of counsel is that this transfer is void,and that the property still remains the property of the corporation, and it still remaining the property of the corporation, he has a right to levy upon that property, and subject it to the payment of this judgment. We are unable to agree with counsel in that respect.
We see nothing in this dcision to hold that that transfer is void. It is voidable, but not void.
More properly speakiixg, Johnson takes that property subject to the trust placed upon it by law; subject to the right of the creditors to have that property subjected to the equal payment of all the creditors of the firm. Possibly he takes it in such a way that the provisions of Section 6344 of the Revised Statutes would reach it. But if we were to allow the claim of the plaintiff, we would be found in this position: that while Johnson could not take the claim of plaintiff in payment of the debt, yet another creditor might take the whole property in payment of his debt, because he takes it by the operation of a judgment and levy.
That is, if we find this case in favor of Bryant,sheriff, we would simply turn the property over from one creditor to *105 another, and thus defeat all the other creditors from receiving any portion of the same on their claims.
George Phelps, attorney for plaintiff.
Albert Zugschwert, attorney for defendant.
We therefore hold, as between these parties, Johnson and the judgment creditor, that Johnson had a right to hold this property, and he had the right to hold his judgment, if he ever had one, in the Court of Common Pleas.
Under our view the proper way to have reached this would have been to invoke the power of a Court of Chancery in aid of the trust.
The judgment of the Court of Common Pleas will ther'fore be affirmed.